United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY REYNA,<br>Plaintiff,<br>v.<br>BLACKHAWK NETWORK HOLDINGS, INC.,<br>Defendant. | Case No. 26-cv-00476-JSC<br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. Nos. 17, 29 |

Plaintiff Joseph Anthony Reyna, proceeding without attorney representation, alleges he received a prepaid gift card and the card issuer's customer service agent, Defendant Blackhawk Network Holdings, Inc., failed to investigate reported errors with his card and unlawfully classified his card as inactive. (Dkt. No. 14.)[1] Defendant moves to dismiss Counts I through III of Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17.) After carefully considering the written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the August 13, 2026 hearing. For the reasons set forth below, the Court DENIES Defendant's motion to dismiss. Defendant fails to apply the Rule 12(b)(6) standard and instead asserts facts not contained in the FAC. Defendant also primarily relies on an agreement which Plaintiff's FAC does not incorporate by reference, and therefore the Court cannot consider the agreement to test the sufficiency of Plaintiff's allegations under Rule 12(b)(6). Additionally, Defendant has not met its burden to show Count I must be dismissed as a matter of law because drawing all reasonable inferences in Plaintiff's favor, Plaintiff's allegations do not compel the inference he does not have a prepaid

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

account subject to 12 C.F.R. §§ 1005.11 and 1005.18.

**FIRST AMENDED COMPLAINT ALLEGATIONS**

Plaintiff is "an authorized cardholder" of a "prepaid gift card." (Dkt. No. 14 ¶¶ 9, 14.) Defendant is a company "that administers card activation status, ledger balances, dispute handling, and […] compliance procedures" for the gift card. (*Id.* ¶ 10.) "A merchant processed a refund to the card," and "[t]he refund successfully posted to the card's balance," but "[a]fter the refund posted[, … Defendant's] internal system reclassified the card as inactive or 'never activated,' rendering the credited balance inaccessible to Plaintiff." (*Id.* ¶¶ 16, 17.) "The credited funds [… remained in [Defendant's] custody and control" thereafter. (*Id.* ¶ 18.)

Plaintiff reported these issues to Defendant. "On November 13, 2025, Plaintiff submitted a written notice of error under Regulation E, 12 C.F.R. § 1005.11, reporting that a credit refund has become inaccessible due to [Defendant]'s internal processing." (*Id.* ¶ 19.) Defendant opened a case into the reported error, "closed" the case "as a 'duplicate,'" and "redirected Plaintiff to" a "new internal case […] without issuing any written findings, correction, provisional credit, or explanation." (*Id.*) Defendant "then demanded purchase receipts, activation receipts, and bank statements from the original purchaser" of the gift card. (*Id.* ¶ 24.) Plaintiff does not have those documents. (*Id.* ¶¶ 14, 24.) Defendant's "documentation demands were not a legitimate investigation; they were a gatekeeping mechanism to prevent resolution." (*Id.* ¶ 24.)

Additionally, as a "threshold issue[,]" Plaintiff asserts "[t]o the extent [Defendant]'s gift card Terms and Conditions contain a mandatory arbitration clause," "no arbitration agreement was formed." (*Id.* ¶ 11 (cleaned up).) "No mutual assent was formed" with respect to "any Terms and Conditions" for using the gift card because "Plaintiff received the prepaid gift card as a gift recipient, not as the original purchaser" and "Plaintiff never reviewed, accepted, or was presented with any Terms and Conditions at the time of receipt." (*Id.*)

Plaintiff brings claims for:

(1) Violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693;

(2) Violation of 12 C.F.R. § 1005.11;

(3) Violation of 15 U.S.C. § 1693l-1 for classifying Plaintiff's card as inactive;

(4) "Unjust Enrichment / Constructive Trust";

(5) "Conversion" of Plaintiff's funds;

(6) Violation of California's Unfair Competition Law ("UCL");

(7) "Declaratory Relief" under 28 U.S.C. § 2201; and

(8) "Injunctive Relief."

(Dkt. No. 14 ¶¶ 30-56.)

**DISCUSSION**

Defendant moves to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(6)." (Dkt. No. 17 at 2.)

**I. The Court Considers Plaintiff's Opposition**

As an initial matter, Defendant requests the Court strike Plaintiff's opposition or consider it waived because it was filed and served "just two days before" the reply deadline. (Dkt. No. 26 at 1-2.) Before Defendant made this request, however, Plaintiff filed a document attesting he electronically served his opposition on July 6, 2026, just six days after Defendant moved to dismiss. (Dkt. No. 25-1 at 2-3.) It appears Plaintiff also attempted to file his opposition papers by mailing them to the Clerk of Court on July 3, 2026, but those papers ultimately were not filed until the Court issued an order on July 28, 2026 requiring Defendant to file those papers. (*See id.*; Dkt. Nos. 27, 28, 29.) Given Defendant does not address Plaintiff's testimony he timely emailed his opposition papers and the unexplained difficulties with Plaintiff's attempt to file his papers by mail, the Court denies Defendant's request to strike Plaintiff's opposition and considers the opposition. Relatedly, the Court denies Plaintiff's motion for leave to file his opposition (Dkt. No. 29) as moot and will consider the version of his opposition Defendant filed.

**II. Motion to Dismiss**

**A. Counts Challenged by the Motion to Dismiss**

Defendant's Notice of Motion states Defendant "seeks dismissal of Plaintiff's complaint" without mentioning particular claims. But the Memorandum's introduction expressly seeks dismissal of only Counts I-III:

> Accordingly, Counts I – III of Plaintiff's complaint should be

> dismissed for (i) failure to satisfy a condition precedent; (ii) suing the wrong party; and (iii) bringing the claim in the wrong forum. Additionally, Counts I – 3 [sic] should be dismissed for failure to allege facts sufficient to state a claim upon which relief can be granted.

(Dkt. No. 17 at 3.) Defendant's motion does not mention Counts VI through VIII. So, the motion is directed only to Counts I-III.

**B. The "Facts" Defendant Relies Upon**

On a motion to dismiss, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Despite this hornbook law, Defendant's motion to dismiss includes a "Summary of the Facts" which contains no citation to the FAC; instead, it contains lines and lines of facts with no support whatsoever. (Dkt. No. 17 at 3-4.) For example, it contains a screenshot of a "Case History Overview" which nowhere appears in the FAC. (*Id.* at 4.) Defendant's failure to apply the Rule 12(b)(6) standard, and its reliance on facts not alleged in the FAC—or even otherwise supported—is reason alone to deny the motion.

Some of the facts Defendant recites in its motion are supported by a declaration from its Vice President of Litigation, who attests a "gift card cardholder agreement […] applies to Plaintiff's gift card" and "governs the terms and conditions of the card's use." (Dkt. No. 17-1 ¶ 6.) Based on this agreement, Defendant argues Plaintiff's complaint should be dismissed "under Rule 12(b)(6)," yet Defendant's initial motion does not explain how this Court is permitted to consider the cardholder agreement under Rule 12(b)(6). (Dkt. No. 17 at 7-9.) Nor does it explain how the Court can even consider the Declaration purportedly attaching the agreement. In Reply, Defendant argues the agreement should be incorporated by reference, citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). (Dkt. No. 26 at 4.)

It is improper for Defendant to raise this new argument in its Reply. *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Nathanson v. Polycom, Inc.*, 2015 WL 12964727, at *1 (N.D. Cal. Apr. 16, 2015) ("[I]t is inappropriate to consider arguments raised for the first time in a reply brief.") (cleaned up). But, in any event, the incorporation-by-reference doctrine does not apply. The doctrine of

incorporation-by-reference is an exception to the rule district courts "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja*, 899 F.3d at 998. While "mere mention of the existence of a document is insufficient to incorporate the contents of a document," a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

Here, Plaintiff's FAC does not incorporate the cardholder agreement by reference. Plaintiff does not "refer extensively" to the agreement because the only time the complaint mentions the agreement is to assert "no arbitration agreement was formed" "[t]o the extent" the card's Terms and Conditions contain an arbitration clause. *Id.* at 908; (Dkt. No. 14 ¶ 11.) Nor does the agreement "form the basis of the complaint" because Plaintiff expressly alleges he did not assent to the agreement; Plaintiff does not bring claims under the agreement; and the agreement does not mention Defendant, let alone Defendant's obligations with respect to refunds, investigations, and provisional credits. (Dkt. No. 14 ¶ 11); *Ritchie*, 342 F.3d at 908; *see also Khoja*, 899 F.3d at 1002 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.")

Because the FAC does not incorporate the cardholder agreement, the Court "may not consider" the agreement "when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja*, 899 F.3d at 998.

### C. Arguments Regarding the Cardholder Agreement

Defendant moves to dismiss Counts I-III primarily based on facts and duties set forth in the cardholder agreement. Defendant argues (1) Plaintiff did not provide a pre-suit letter, as required by the agreement; (2) Plaintiff "sued the wrong party" because "Plaintiff's agreement is with the bank issuing the gift card," not Defendant, "who is just the service agent" for the issuer; (3) the agreement required Plaintiff to bring his claims "in arbitration or small claims"; and (4) the agreement states "Pathward is the holder of" funds associated with Plaintiff's card, and therefore Defendant "cannot have been unjustly enriched or have converted funds." (Dkt. No. 17 at 7-9.) These arguments assume Plaintiff and Defendant are parties to an agreement which is not alleged

or incorporated by reference, and Defendant asks the Court to accept as true facts which contradict Plaintiff's allegations. Given courts cannot do so on a Rule 12(b)(6) motion, *see Khoja*, 899 F.3d at 998, the Court denies Defendant's motion on those grounds.

**D. Argument Regarding 12 C.F.R. §§ 1005.11, 1005.18**

Defendant's remaining argument surrounds 12 C.F.R. §§ 1005.11 and 1005.18, the regulations Plaintiff alleges Defendant violated. (Dkt. No. 17 at 10.) The EFTA and its regulations impose obligations upon financial institutions with respect to "electronic fund transfers," *i.e.*, certain "transfers of funds" made "for the purpose of" having a financial institution "debit or credit a consumer's ***account***." *See* 15 U.S.C. §§ 1693, 1693a(7); 12 C.F.R. § 1005.3(b)(1) (emphasis added). The term "account" "includes a prepaid account," 12 C.F.R. § 1005.2(b)(3), and Plaintiff alleges Defendant owed him obligations under Sections 1005.11 and 1005.18 because his gift card has a "'prepaid account' […] within the meaning of […] 12 C.F.R. § 1005.2(b)(3)." (*See* Dkt. No. 14 ¶¶ 9, 29-38.) As relevant here,

> "Prepaid account" means:
>
> (A) A "payroll card account," which is an account that is directly or indirectly established through an employer and to which electronic fund transfers of the consumer's wages, salary, or other employee compensation (such as commissions) are made on a recurring basis, whether the account is operated or managed by the employer, a third-party payroll processor, a depository institution, or any other person; or
>
> (B) A "government benefit account," as defined in § 1005.15(a)(2); or
>
> (C) An account that is marketed or labeled as "prepaid" and that is redeemable upon presentation at multiple, unaffiliated merchants for goods or services or usable at automated teller machines; or
>
> (D) An account:
>
> > (*1*) That is issued on a prepaid basis in a specified amount or not issued on a prepaid basis but capable of being loaded with funds thereafter,
> >
> > (*2*) Whose primary function is to conduct transactions with multiple, unaffiliated merchants for goods or services, or at automated teller machines, or to conduct person-to-person transfers, and

> (*3*) That is not a checking account, share draft account, or negotiable order of withdrawal account.

12 C.F.R. § 1005.2(b)(3)(i)(A)-(D). The definition of "prepaid account," however, excludes "[a] general-use prepaid card as defined in § 1005.20(a)(3) and (b) that is both marketed and labeled as a gift card or gift certificate[.]" *Id.* §§ 1005.2(b)(3)(ii)(D)(*4*). In other words, a "general-use prepaid card" is, by definition, not a "prepaid account." And Sections 1005.20(a)(3) and (b) define "general-use prepaid card:"

> **§ 1005.20 Requirements for gift cards and gift certificates.**
>
> (a) ***Definitions.*** […]
>
> (3) "General-use prepaid card" means a card, code, or other device that is:
>
> > (i) Issued on a prepaid basis primarily for personal, family, or household purposes to a consumer in a specified amount, whether or not that amount may be increased or reloaded, in exchange for payment; and
> >
> > (ii) Redeemable upon presentation at multiple, unaffiliated merchants for goods or services, or usable at automated teller machines.
>
> […]
>
> (b) ***Exclusions.*** The term[ …] "general-use prepaid card", as defined in paragraph (a) of this section, do[es] not include any card, code, or other device that is:
>
> > (1) Useable solely for telephone services;
> >
> > (2) Reloadable and not marketed or labeled as a gift card or gift certificate. For purposes of this paragraph (b)(2), the term "reloadable" includes a temporary non-reloadable card issued solely in connection with a reloadable card, code, or other device;
> >
> > (3) A loyalty, award, or promotional gift card;
> >
> > (4) Not marketed to the general public;
> >
> > (5) Issued in paper form only; or
> >
> > (6) Redeemable solely for admission to events or venues at a particular location or group of affiliated locations, or to obtain goods or services in conjunction with admission to such events or venues, either at the event or venue or at specific locations affiliated with and in geographic proximity to the



United States District Court
Northern District of California

United States District Court
Northern District of California

event or venue.

*Id.* §§ 1005.20(a)(3)(i)-(ii), (b)(1)-(6).

Defendant asserts Count I[2] must be dismissed because Plaintiff's gift card is a "general-use prepaid card," and therefore not a "prepaid account," meaning Defendant did not owe Plaintiff obligations under Section 1005.11 or Section 1005.18. So, Count I must be dismissed if, drawing inferences in Plaintiff's favor, Plaintiff's allegations compel the inferences his gift card is (1) "[i]ssued on a prepaid basis primarily for personal, family, or household purposes to a consumer in a specified amount […] in exchange for payment," (2) "[r]edeemable upon presentation at multiple, unaffiliated merchants for goods or services, or usable at automated teller machines," (3) "marketed and labeled as a gift card," and (4) not within any of the exclusions enumerated in Section 1005.20(b). *See id.* §§ 1005.2(b)(3)(i)(C), 1005.20(a)(3)(i)-(ii), 1005.20(b)(1)-(6).

Because Plaintiff's allegations do not compel those inferences, the Court denies Defendant's motion. Plaintiff does not allege many details about his gift card, except that it is "prepaid," "designed and marketed to be purchased by one person and transferred to another," and "a merchant […] successfully posted" a refund to the card." (Dkt. No. 14 ¶¶ 1, 9, 14.) Therefore, Plaintiff's allegations do not compel the inference his gift card is a "general-use prepaid card" because his allegations are silent as to the card's labeling, the "primar[y …] purposes" for the card's issuance, and whether "multiple, unaffiliated merchants" can redeem the card. *See* 12 C.F.R. §§ 1005.2(b)(3)(ii)(D)(*4*), 1005.20(a)(3)(i)-(ii). Plaintiff's complaint also does not allege facts which would enable the Court to determine whether any exclusions in Section 1005.20(b) apply, such as whether Plaintiff's gift card is "[a] loyalty, award, or promotional gift card" or "[i]ssued in paper form only[.]" *Id.* § 1005.20(b)(1)-(6).

[2] Defendant's motion twice specifies its "prepaid account" argument requires dismissal of "Count I." (Dkt. No. 17 at 9, 10.) Defendant's motion does not mention this argument with respect to Count II. Yet, in Reply, Defendant makes the same argument as to Count II. For the reasons explained below, Defendant's argument fails to show Count II must be dismissed as a matter of law. Defendant's Reply also argues, for the first time, Count III (violation of 15 U.S.C. § 1693l-1) should be dismissed because Plaintiff "fails to allege that inactivity fees were applied." (Dkt. No. 26 at 5-6); *see* 15 U.S.C. § 1693l-1(b)(1) ("[I]t shall be unlawful for any person to impose […] an inactivity charge or fee […] with respect to a […] general-use prepaid card.") Given Defendant first made this argument in Reply, the Court does not consider this argument for dismissing Count III. *Bazuaye*, 79 F.3d at 120; *Nathanson*, 2015 WL 12964727, at *1.

Accordingly, Defendant has not met its burden of showing Plaintiff's claims must be dismissed as a matter of law.

**CONCLUSION**

As explained above, the Court DENIES Defendant's motion to dismiss. Defendant has not met its burden to show Plaintiff's claims must be dismissed as a matter of law because its motion recites facts not alleged in the FAC, the cardholder agreement Defendant relies on cannot be considered on a Rule 12(b)(6) motion, and drawing inferences in Plaintiff's favor, Plaintiff's allegations do not compel the inference his gift card is a "general-use prepaid card." The Court sets an initial case management conference for September 30, 2026 at 2:00 p.m. via Zoom video. A joint case management conference statement is due one week in advance.

This Order disposes of Docket Nos. 17 and 29.

**IT IS SO ORDERED.**

Dated: August 6, 2026

JACQUELINE SCOTT CORLEY
United States District Judge